**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **AMERICAN AUTOMOBILE ASSOCIATION, INC.,** | § § § | |
| Plaintiff, | § | Civil Action No. 3:16-cv-1495 |
| v. | § § | |
| **JIMMY W. WALKER** | § § | |
| Defendant. | § | |

**COMPLAINT FOR SERVICE MARK INFRINGEMENT,
UNFAIR COMPETITION, AND DILUTION**

Plaintiff, the American Automobile Association, Inc. (the "Association") for its cause of action against Jimmy Walker, says as follows:

**Jurisdiction**

1. This action arises under the Lanham Act, 15 U.S.C. §§ 1051-1127, and under the laws of the state of Texas. The Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1338, and the doctrine of pendent jurisdiction.

2. Venue is proper in the Northern District, Dallas Division, because the defendant is located in Dallas County, Texas, where the events giving rise to this action have occurred.

**Parties**

3. The Association is a corporation organized under the laws of the state of Connecticut, with its principal place of business in Heathrow, Florida.

4. Defendant Jimmy W. Walker is an individual residing in Texas, upon information and belief, at 1220 Harlan Road, Seagoville, Texas 75159.

**Background**

5.  The Association is an organization that provides its members with a wide variety of services throughout the United States and Canada, including the state of Texas. The Association has long provided its members with automobile and travel-related services, including (among others) making automobile rental and travel arrangements, disseminating travel information, providing emergency road service, conducting automobile safety tests, referring members to automobile sales and service facilities, including roadside assistance facilities, and providing automobile, travel, financial, insurance, and other services.

6.  The Association is a widely known organization which has been extensively advertised and promoted throughout the United States. As a result of widespread public use and recognition, the "AAA" designation and logos have become assets of substantial value and goodwill as symbols of plaintiff and its services. The Association currently has more than 54,000,000 members, and the "AAA" mark and logos have come to be relied upon by a significant portion of the public as indicating the Association and its services.

7.  The Association is the owner of the U.S. Service Mark Registration No. 0829265 for the "AAA" mark and U.S. Service Mark Registration No. 2158654 for the "AAA" logo design for its automobile, travel, and insurance services. These registrations are incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and they constitute conclusive evidence of the Association's exclusive right to use the "AAA" designation in commerce in connection with such services. In fact, the Association began using the "AAA" mark over one hundred years ago and registered it nearly fifty years ago in 1967. The Association's marks are famous under federal and state law and have been famous for many decades.

8. The defendant has been using the designation "AAA" in commerce in the advertising and promotion of his services both as a towing company, wrecking service, mechanical service, and as a roadside assistant. The defendant and his agents identify and regularly advertise themselves as "AAA Towing DFW," "AAA Towing Dallas," or "AAA Towing Mesquite" to the public, including on the Internet. The defendant's website www.aaatowingdallas.com, multiple logos and Internet directory pages advertise the company as an "AAA" company. Upon information and belief, the defendant has been using the designation "AAA Towing DFW," "AAA Towing Dallas," or "AAA Towing Mesquite" since 2013. Upon information and belief, the defendant first used the Association's marks in commerce in 2013. The defendant has willfully used the Association's marks since that time with the intent to trade on the Association's public recognition.

9. The defendant's unauthorized use of the designation "AAA" in connection with his business is likely to cause confusion, deception, and mistake as to the defendant's connection or affiliation with the Association, or his approval or endorsement by the Association. The defendant's use is also diluting the strength of the Association's famous marks.

10. On information and belief, the defendant's actions have been carried out with actual knowledge of the Association's long and widespread use of the "AAA" designation for automobile and travel services.

## COUNT I
## Federal Service Mark Infringement

11. The preceding paragraphs are incorporated by reference as if restated in full herein.

12. The defendant's actions constitute infringement of the Association's federally registered service marks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). Unless enjoined, the defendant will continue to infringe the Association's service marks, resulting in confusion and deception in trade and irreparable harm to the Association, for which the Association has no adequate remedy at law.

13. On at least one occasion the Association attempted to notify the defendant in writing at his residence that his unauthorized use of the "AAA" designation is an infringement of the Association's federally registered marks. Prior to that the Association attempted to notify the defendant at least once in writing at the address given on his website, 2508 Westwood Drive, Mesquite, Texas 75150. However, the defendant has continued his infringing activities. Therefore the defendant's unauthorized use of the "AAA" service marks have been willful, deliberate, and in reckless disregard of the Association's rights, entitling the Association to remedies including injunctive relief, treble profits, the Association's damages, and recovery of attorneys' fees.

## COUNT II
## False Description or Representation

14. The preceding paragraphs are incorporated by reference as if restated in full herein.

15. The defendant's unauthorized use of the designation "AAA" is a violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). Unless enjoined, the defendant will

continue its unlawful actions, resulting in confusion and deception in trade and irreparable injury to the Association, for which the Association has no adequate remedy at law.

16. In addition, the defendants' actions are willful, deliberate, and in reckless disregard of the Association's rights. Therefore, the Association is entitled to injunctive and monetary relief, including recovery of attorneys' fees.

## COUNT III
### Unfair Competition

17. The preceding paragraphs are incorporated by reference as if restated in full herein.

18. The foregoing conduct of the defendant constitutes common law unfair competition. Among other wrongs, the defendant is using the Association's fame and goodwill to confuse potential consumers and "pass off" his business as being related to the Association. Unless enjoined, the defendant will continue his act of unfair competition, resulting in confusion and deception in trade and irreparable injury to the Association, for which the Association has no adequate remedy at law. Therefore, the Association is entitled to remedies including injunctive relief and damages.

## COUNT IV
### Dilution and Injury to Business Reputation – State Law

19. The preceding paragraphs are incorporated by reference as if restated in full herein.

20. As described above, the Association's service marks are famous and distinctive under Texas law and have been famous for many decades.

21. The foregoing conduct of the defendant, which began after the Association's marks became famous, is likely to dilute the Association's service marks and injure the

5

Association's business reputation, in violation of state statutes. Unless enjoined, the defendant will continue his unlawful actions.

22. Moreover, defendant acted with knowledge of the Association's mark and in bad faith. Therefore, the Association is entitled to injunctive and monetary relief, including the recovery of reasonable attorney's fees.

## COUNT V
### Dilution and Injury to Business Reputation – Federal Law

23. The preceding paragraphs are incorporated by reference as if restated in full herein.

24. As described above, the Association's service marks are famous and distinctive under the Lanham Act and have been famous for many decades.

25. The foregoing conduct of defendant, which began in 2013, after the Association's marks became famous, is likely to dilute the Association's service marks and injure the Association's business reputation, in violation of federal law. Unless enjoined, defendant will continue his unlawful actions.

26. As described above, the Association has notified defendant that his unauthorized use of the "AAA" designation is an infringement of the Association's federally registered marks. In addition, the Association's marks are famous. Therefore, defendant's continued infringing activities are willful, deliberate, and in reckless disregard of the Association's rights. Moreover, the defendant willfully intended to trade on the recognition of the Association's famous mark. Therefore, the Association is entitled to injunctive and monetary relief, including recovery of attorneys' fees.

### Jury Demand

27. Plaintiff demands a trial by jury.

**Prayer for Relief**

28. The Association prays for the following relief:

(A) The defendant and his officers, agents, servants, employees, and all persons in active concert or participation with any of them, be enjoined from engaging in any of the following acts:

(1) Using the designation "AAA" or any other name or mark confusingly similar to "AAA", either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, or in any other manner in connection with any automobile or travel services; and

(2) Using any multiple combination of letters "A" in conjunction with an oval or circle design in the marketing, sale, distribution, promotion, advertising, identification, or in any other manner in connection with any automobile or travel services; and

(3) Using the letter "A" or any multiple combination of letters "A" in any form or manner that would tend to identify or associate defendant or his business or services with plaintiff, including without limitation, any multiple combination of letters "A" and the central or interior "A" or "A"'s in larger or in bolder print than the remaining letters, in the marketing sale, distribution, promotion, advertising, identification, or in any other manner in connection with any automobile or travel services;

(B) That defendant be ordered pursuant to 15 U.S.C. § 1118, to deliver up for destruction all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in his possession or control which contain the infringing designation "AAA", either alone or in combination with other words or symbols, and that defendant be ordered to deliver up for destruction all plates, molds, matrices, masters, and

other means of making any of the infringing items;

(C)   That defendant be ordered to file with the court and to serve on plaintiff, within thirty (30) days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which defendant has complied with the injunction;

(D)   That plaintiff recover its costs of suit, its reasonable attorneys' fees, statutory damages, three (3) times defendant's profits as compensation, and pre- and post-judgment interest; and

(E)   That plaintiff has such further relief as the court deems just.

DATED: June 3, 2016

                              Respectfully submitted,

                              AHMAD, ZAVITSANOS, ANAIPAKOS, ALAVI, &
                                    MENSING P.C.

                              /s/  *E. Philadelphia Tennant*
                              E. Philadelphia Tennant, Attorney-in-Charge
                              State Bar No. 24093248
                              eptennant@azalaw.com
                              1221 McKinney Street, Suite 2500
                              Houston, Texas 77010-2009
                              Telephone: (713) 655-1101
                              Facsimile: (713) 655-0062

                              **COUNSEL FOR PLAINTIFF, AMERICAN AUTOMOBILE ASSOCIATION, INC.**

**OF COUNSEL:**
Collin Kennedy
HANSHAW KENNEDY MARQUIS, PLLC
State Bar No. 24012952
cdk@hanshawkennedy.com
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500

                              **COUNSEL FOR PLAINTIFF, AMERICAN AUTOMOBILE ASSOCIATION, INC.**

4816-9291-5493, V.  1